IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| CAROLYN VAUGHN ATKINS | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:22-cv-00596-LPR-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Carolyn Atkins, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits.  The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform jobs that exist in significant numbers in the national economy despite her impairments.  (Tr. 15-26.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is almost fifty-nine years old. (Tr. 24.)  She is a high school graduate and attended some college. (Tr. 24, 389.)  The ALJ determined she has past relevant work as a receptionist and sales attendant. (Tr. 24.)

The ALJ[1] found Ms. Atkins had not engaged in substantial gainful activity since July 9,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

2017, the alleged onset date. (Tr. 18.) She has "severe" impairments in the form of left knee degenerative joint disease and right shoulder osteoarthritis. (*Id.*) The ALJ further found Ms. Atkins did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 19.)

The ALJ determined Ms. Atkins had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 20.) Given this RFC, the ALJ determined Plaintiff could no longer perform her past relevant work. Accordingly, she utilized the services of a vocational expert to determine what jobs, if any, Plaintiff could perform given her RFC. (Tr. 53-58.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform the job of information clerk. (Tr. 25.) Accordingly, the ALJ determined Ms. Atkins was not disabled. (Tr. 26.)

The Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff makes two main arguments in support of her Complaint. She says that the ALJ failed to 1) properly identify her past relevant work and 2) properly determine her transferrable skills acquired in her past relevant work. (Doc. No. 11 at 4-19.) The Commissioner counters that, "Nearly all of Plaintiff's arguments are red herrings." (Doc. No. 13 at 8.) Not to be too harsh on Plaintiff - I agree.

In considering Plaintiff's arguments, it is necessary to focus on the ALJ's analysis and to determine if her findings are supported by substantial evidence. The ALJ identified Ms. Atkins'

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

past work as receptionist. Ms. Atkins argues it should actually be administrative clerk. (Doc. No. 11 at 7-8.) After carefully considering Plaintiff's argument, I find it to be of no importance whether or not the ALJ called Plaintiff's past relevant work by the correct name or not. Misidentifying the job might be important had the ALJ found Ms. Atkins could return to her past work at Step Four. Instead, the ALJ concluded, " The claimant is now restricted to sedentary work with the above non-exertional limitations. Accordingly, the claimant is unable to perform past relevant work as actually or generally performed." (Tr. 24.)

Yet, Plaintiff is concerned with the vocational expert's testimony and the ALJ's consideration of her "transferrable work skills." (Tr. 25.) She argues, "As confirmed by the regulations, transferability depends primarily on the similarity of occupationally significant work activities among the different jobs. Also, transferability is most probable and meaningful if: (1) the same or a lesser degree of skill is required; (2) the same or similar tools and machines are used; and (3) the same or similar raw materials, products, processes, or services are involved." (Doc. No. 11 at 16.) The Commissioner persuasively responds to this argument in saying, ". . . regardless of whether Plaintiff's past relevant work is best characterized as a receptionist or an administrative clerk, Plaintiff makes no convincing argument that she did not acquire the transferable skills identified by the VE, including "information giving . . . recordkeeping, the ability to communicate effectively with a variety of people, and maintain[ing] clerical or administrative procedures and systems" (Tr. 24-25, 55-56)." (Doc. No. 13 at 8.)

I am also persuaded by the Commissioner's point that it is the vocational expert and not a claimant who is the appropriate authority for the ALJ to rely upon. (*Id.* at 9.) Accordingly, I find Plaintiff's argument to be without merit.

For the same reasons, I also find Plaintiff's Step Five argument to be without merit. At

4

Step Five, the ALJ went through some length to ensure she addressed any discrepancy between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT). (Tr. 25.) Based on the testimony of the vocational expert and the ALJ's consideration of the DOT, I find her decision to be supported by substantial evidence.

The bottom line here is that substantial evidence supports the ALJ's decision that Ms. Atkins is capable of performing a reduced range of sedentary work and, specifically, the job of information clerk. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). This record simply fails to support an allegation of complete disability.

In summary, there is ample evidence to support the Commissioner's decision. I recognize there is also evidence to support Plaintiff's claims. Yet the overall evidence supports the ALJ's conclusion that she was capable of performing work at the sedentary exertional level.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel is commended for zealously advocating for Ms. Atkins' rights. But it is not the

task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 17th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE